**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.S., S.S.-1, and J.S.**

**No. 22-630** (McDowell County 21-JA-44, 21-JA-45, and 21-JA-46)

## MEMORANDUM DECISION

Petitioner Father S.S.-2[1] appeals the Circuit Court of McDowell County's June 29, 2022, order terminating his parental, custodial, and guardianship rights to A.S., S.S.-1, and J.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July of 2021, the DHHR filed a petition alleging that the parents' home lacked electricity and water. Upon investigation, Child Protective Services ("CPS") observed the children to be dirty and the home in disarray, including broken windows, an extension cord running from across the street to power a television, and no refrigerator or stove. CPS implemented a safety plan with services for the parents, but petitioner tested positive for THC and cocaine while subject to the plan. The petition also alleged, among other issues, domestic violence in the home.

During a hearing in September of 2021, the court accepted petitioner's stipulation to allegations in the petition and adjudicated him of abusing and neglecting the children. The following month, the DHHR filed case plans outlining the steps petitioner needed to take in order to remedy the conditions of abuse and neglect. This included providing a safe and stable living environment for the children, refraining from abusing drugs, submitting to drug screens, addressing substance abuse through Family Treatment Court or outpatient counseling, participation in parenting classes, and participation in weekly visits with the children. Over the next several months, petitioner refused to submit to multiple drug screens, claimed he could not produce specimens several times, and tested positive for THC and cocaine on many occasions.

---

[1]Petitioner appears by counsel Floyd A. Anderson. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. William O. Huffman appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one of the children and petitioner share the same initials, we will refer to them as S.S.-1 and S.S.-2, respectively.

Petitioner also submitted to a psychological evaluation that concluded that he was "at an elevated risk for dysfunctional parenting . . . [and] call[ed] into question his ability to safely provide care for his children." Accordingly, the psychologist recommended that petitioner's "exposure to his children should be extremely limited and closely supervised."

The court held a final dispositional hearing in June of 2022, during which several of petitioner's service providers testified to his noncompliance. One provider testified to observing bruises on the mother during the proceedings, including an incident two weeks prior to disposition where the mother had bruising around her eye. In petitioner's presence, the mother explained that petitioner "fell and hit her in the eye with his penis," an explanation that the provider found "flabbergast[ing]" and which she did not believe. This provider also testified to the mother having previously disclosed that petitioner was physically abusive. A provider further testified that petitioner refused to consider drug rehabilitation and "took no ownership" for his situation, instead insisting "that someone else was always to blame." According to this provider, petitioner stated that he "could take the [children] from her at any time." Another provider testified that, based on her years of experience with the family, petitioner was unlikely to comply with an improvement period and that he appeared to be under the influence during a visit with the children. According to this provider, petitioner refused to take the simple step of completing an application for a detoxification program. Finally, a provider testified that petitioner "made no progress" during the proceedings as the provider was "unable to conduct any effective parenting sessions."

In addressing his motion for an improvement period, the court noted that petitioner failed to testify or present any evidence in support, thereby failing to satisfy his burden for obtaining an improvement period. As such, the court denied the motion and moved to disposition, finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect. This finding was based, in part, on petitioner's continued substance abuse and refusal to take any steps to remedy the issue. The court also found that termination of petitioner's rights was necessary for the children's welfare, especially in light of their need to achieve permanency. Accordingly, the court terminated petitioner's parental, custodial, and guardianship rights to the children.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). First, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Petitioner is correct that in order to obtain a post-adjudicatory improvement period, he was required to "demonstrate[], by clear and convincing evidence, that . . . [he was] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). Before this Court, petitioner asserts that he satisfied this burden by stipulating to his adjudication and filing a motion for an improvement period. This is simply insufficient to establish that petitioner was likely to fully comply, and the circuit court correctly noted that petitioner failed to present any evidence in support of his motion. On the

---

[3]The court also terminated the mother's parental, custodial, and guardianship rights to the children. The permanency plan for the children is adoption in their current placements.

contrary, the evidence established that petitioner was mostly noncompliant with the services offered and failed to benefit from many of the services with which he did comply. While petitioner argues that he should have been given more time "to continue making progress," the evidence shows that, in the opinion of one provider, petitioner actually regressed in regard to his substance abuse. In short, it is clear that petitioner failed to satisfy the burden necessary to obtain an improvement period, and we find no abuse of discretion in denying petitioner's motion. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (permitting a circuit court discretion to deny an improvement period when no improvement is likely).

Finally, petitioner argues that his mental health issues required that he be given more time to demonstrate that he could remedy the issues and that the court should have imposed a less restrictive alternative to termination of his rights. Petitioner's argument, however, lacks a basis in fact and law. As set forth above, petitioner was given ample time to comply with services in order to remedy the conditions of abuse and neglect, but instead chose not to comply with many services and demonstrated an unwillingness to address his substance abuse. Further, petitioner fails to challenge the circuit court's finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the children's welfare, the two findings necessary for termination of parental, custodial, and guardianship rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental, custodial, and guardianship rights upon finding that there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental, custodial, and guardianship rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected"). As such, he is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 29, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3